IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kelley Shell, Jr., ) | Case No. 6:24-cv-04719-JDA |
| )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Andrew Moates, Andre Ta Nguyen, ) | |
| Zachary Demaio, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 9] and a motion to amend the Complaint filed by Plaintiff [Doc. 15]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On September 6, 2024, the Magistrate Judge issued a Report recommending that the Complaint be summarily dismissed without prejudice, without leave to amend, and without issuance and service of process. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 11.] Plaintiff filed objections to the Report on September 17, 2024. [Doc. 16.] That same day, Plaintiff also filed a motion to amend the Complaint. [Doc. 15.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See Diamond v. Colonial Life & Accident Ins., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends that this Court abstain from hearing this action under Younger v. Harris, 401 U.S. 37 (1971), or, alternatively, that this Court dismiss the action because Plaintiff has failed to state a claim.  [Doc. 9.]  Specifically, as to Plaintiff's failure to state a claim, the Magistrate Judge concluded that Plaintiff's indictment bars his false arrest claim under the Fourth Amendment; Plaintiff's § 1983 claims against Andre Ta Nguyen and Zachary Deamio fail because they are not state actors; Plaintiff has not alleged state action to support a failure to protect claim based on an incident in which another inmate hit him with a mop; and, to the extent Plaintiff raises a tort claim pursuant to South Carolina state law, the Court should abstain from exercising supplemental jurisdiction over such claims.  [Id. at 5–9.]

In his objections, Plaintiff fails to address the Magistrate Judge's recommendations regarding Younger abstention and instead generally repeats his allegations from the

2

Complaint.[1]  [Doc. 16.]  Plaintiff additionally states that he would like to amend the Complaint to add allegations against Scotty Bodiford for "[d]angerous [d]rinking waters" in the prison, which he also argues in his motion to amend the Complaint.[2]  [Doc. 16 at 6; see Doc. 15.]  Even liberally construing Plaintiff's objections and motion to amend as

---

[1] Plaintiff includes a few specific objections to the Report, but all are without merit.  Plaintiff first argues that "the return of [the] [g]rand [j]ury [i]ndictment doesn[']t necessar[i]ly constitute probable cause" because the prosecutor Doug Richardson committed perjury, and states that he wishes to amend his Complaint to add Doug Richardson as a defendant.  [Doc. 16 at 2.]  Even liberally construing Plaintiff's objection as a motion to amend the Complaint to state a cause of action against Richardson, the Court overrules the objection because such amendment would be futile.  *See, e.g.*, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.")  Further, both cases Plaintiff cites to support his allegation of perjury have been summarily dismissed.  [*See Robinson v. Kimbler*, 6:24-01749-HMH Doc. 42; *Robinson v. Greer Police Dep't*, 6:24-cv-03011-DCC Doc. 36.]

Plaintiff also states that he would like to amend his Complaint to name Nguyen and Demaio in their individual capacity and appears to assert additional claims for ineffective assistance of counsel under the Sixth Amendment and for deliberate indifference against Demaio regarding the mop incident.  [Doc. 16 at 3, 5.]  As an initial matter, Plaintiff cannot state a claim for ineffective assistance of counsel in a § 1983 action.  *See, e.g.*, *Davis v. Flavo*, No. 4:24-cv-5970-JDA-WSB, 2024 WL 5318834, at *4 n.4 (D.S.C. Nov. 26, 2024) ("Courts have consistently noted that claims for ineffective assistance of counsel do not rise to the level of a constitutional violation to support a claim under § 1983.") (citing cases), *Report and Recommendation adopted by* 2025 WL 71606 (D.S.C. Jan. 10, 2025).  Further, Plaintiff makes no allegations, beyond his bald assertion, that Demaio acted with any deliberate indifference or was personally involved in the deprivation of Plaintiff's rights.  *See, e.g.*, *Johnson v. Myers*, No. 0:19-cv-756-HMH-PJG, 2019 WL 1517105, at *4 (D.S.C. Apr. 8, 2019) ("Because Plaintiff does not explain how the named defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleadings standards.").  Accordingly, even liberally construing Plaintiff's objections as a motion to amend the Complaint, the Court overrules the objections because such amendment would be futile.

[2] Plaintiff further seeks to amend his Complaint to correct two irrelevant factual details regarding whether Plaintiff actually hit Mr. Benson with his car and the means by which Plaintiff learned of his indictment.  [Doc. 15.]  Because neither of these facts have any material effect on the Magistrate Judge's recommendation of summary dismissal, the Court declines to allow Plaintiff to amend his Complaint to assert these facts.

proposing a cause of action against Bodiford for deliberate indifference under the Fourteenth Amendment, the Court overrules Plaintiff's objections and denies his motion to amend, as such amendment would be futile because Plaintiff fails to state a claim for relief. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." (internal quotation marks omitted)). Plaintiff cannot state a claim for relief because he fails to provide any facts to support his claim that Bodiford is aware of the allegedly tainted water beyond conclusory statements that Bodiford "allows" such conditions.[3] *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under [§ 1983] for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Anderson v. Patton*, No. 6:23-3018-HMH-KFM, 2024 WL 4092506, at *2–3 (D.S.C. May 15, 2024) (dismissing the plaintiff's claims based on exposure to contaminated drinking water because the plaintiff "failed to identity any acts or omissions by [defendants], let alone any relating to the allegedly contaminated water at the Detention Center.").

Out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the

---

[3] The Court notes that it is in receipt of the washcloth Plaintiff mailed to the Clerk [*see* Doc. 15-1] but concludes that examination of the washcloth does not affect the Court's decision.

Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, this action is DISMISSED without prejudice and without issuance and service of process, and Plaintiff's motion to amend the Complaint [Doc. 15] is DENIED.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

February 20, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.